**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| SHEENA BUCKLEY, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    Case No.: _____ |
| THE YANKEE CANDLE COMPANY, INC. | ) ) ) |
|     Defendant. | ) |

**DEFENDANT'S NOTICE OF REMOVAL**

      The Yankee Candle Company, Inc. ("Defendant"), by and through its attorneys, Matt Pappas of Pappas Wright and Steve A. Miller of Fisher & Phillips LLP, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, submit this Notice of Removal to transfer this cause from the Iowa District Court for Scott County, in which it is now pending as Case No. LACE133116, to the United States District Court for the Southern District of Iowa. In support of its Notice of Removal, Defendant states as follows:

      1.      On or about August 24, 2020, Plaintiff Sheena Buckley ("Plaintiff") filed a Complaint in the Iowa District Court for Scott County, captioned: *Buckley v. The Yankee Candle Company, Inc.,* Case No. LACE133116 ("State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached hereto as Exhibit A.

      2.      Defendant was served with a Summons and Complaint in the State Court Action on September 1, 2020. Accordingly, pursuant to 28 U.S.C. § 1446(b), Defendant is timely filing this Notice of Removal within thirty (30) days after receiving the Complaint. *Murphy Brows. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

3. Other than the Complaint and Summons served on Defendant, Plaintiff has not served upon Defendant any other pleadings, or orders. Defendant has not taken any action in the State Court Action.

### This Court Has Removal Jurisdiction Based Upon Complete Diversity of the Parties

4. The State Court Action may be removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332 based upon the complete diversity between the parties.

5. On information and belief, Plaintiff is a citizen of the State of Illinois. In her Complaint, Plaintiff alleges that she is a resident of the State of Illinois. Exhibit A, ¶ 1. Therefore, for purposes of diversity jurisdiction, Plaintiff is a citizen of Illinois.

6. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

7. Defendant, is a corporation formed under the laws of the State of Massachusetts with its principal place of business in South Deerfield, Massachusetts. Exhibit B, Declaration of Timothy R. Sipe at ¶ 4 ("Decl."); Exhibit A, Compl. at ¶ 3. Indeed, Defendant's officers are located in South Deerfield, Massachusetts. *Id.* at ¶ 5. These officers direct, control, and coordinate Defendant's business activities and operations. *Id.*

8. Therefore, Defendant is a citizen of Massachusetts. 28 U.S.C. § 1332(c)(1).

9. As such, Plaintiff and Defendant are not citizens of the same state and there is complete diversity between the parties.

**The Amount in Controversy in Plaintiff's Complaint**
**Exceeds $75,000, Exclusive of Interests and Costs**

10. Although Plaintiff does not plead a specific amount of damages, the amount in controversy claimed by Plaintiff plainly exceeds $75,000, exclusive of interest and costs.

11. The standard for determining whether a plaintiff's claim meets the amount in controversy is whether the removing party has proved by a preponderance of the evidence that "a fact finder might legally conclude" that "the damages are greater than the requisite amount.*" Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

12. Once the removing party satisfies its burden, "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). To prove a "legal certainty," the plaintiff must show that the jurisdictional amount could not be recovered "as a matter of law" or that "no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents." *Kopp*, 280 F.3d at 885.

13. Courts will consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000.00. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Co. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

14. In this lawsuit, Plaintiff alleges that Defendant wrongfully terminated her employment with Defendant due to her alleged sexual orientation and religion in violation of the Iowa Civil Rights Act. *See* Exhibit A. Plaintiff is requesting, compensatory damages, back wages and benefits, front pay, prejudgment interest, mental and emotional distress damages, punitive damages, and attorneys' fees, costs resulting from the termination of her employment with Defendant. Exhibit A, ¶¶ 18-19.

**(a)     Plaintiff's Claim for Back Pay.**

15.    Pursuant to the Complaint, Defendant terminated Plaintiff's employment on August 30, 2019. Exhibit A, ¶ 16. In 2019, at the time of the termination of Plaintiff's employment, she earned a base annual salary of approximately of $44,163. *See* Ex. B, at ¶ 6.

16.    At the time of the filing of this Notice of Removal, Plaintiff has not worked for Defendant for a period in excess of 12 months. Consequently, a judgment for past wages based exclusively on the direct, monetary compensation Plaintiff received from Defendant could equal more than $44,470, in addition to the value of lost benefits.

**(b)     Plaintiff's Claim for Emotional Damages.**

17.    In addition, Plaintiff also seeks damages for emotional distress and pain and suffering. *See* Exhibit A, ¶¶ 18-19.

18.    While "awards for pain and suffering are highly subjective and should be committed to the sound discretion of the jury," *Frazier v. Iowa Beef Processors, Inc.*, 200 F.3d 1190, 1193 (8th Cir. 1999), damages for emotional distress can range up to $200,000. *See Eich v. Bd. of Regents for C.M. St. Univ.*, 350 F.3d 752, 763-64 (8th Cir. 2004) (reinstating $200,000 verdict for non-economic damages related to emotional distress under Title VII and citing to a number of cases, including *Kucia v. Se. Ark. Cmty. Action Corp.*, 284 F.3d 944, 947-48 (8th Cir. 2002) (upholding $50,000 in compensatory damages for emotional distress in race discrimination case)).

**(d) Plaintiff's Claim Attorneys' Fees.**

19.    Finally, Plaintiff seeks attorneys' fees. See Exhibit A, ¶¶ 18-19. The Eighth Circuit permits the Court to consider attorneys' fees in determining the amount in controversy. *Capital*

*Indem. Corp*, 978 F.2d at 438. In this case, Plaintiff's counsel likely will seek to recover attorneys' fees of tens of thousands of dollars should Plaintiff prevail.

**(e) Plaintiff's Claim for Punitive Damages.**

20. Plaintiff also seeks punitive damages. If successful, however, the potential recovery of punitive damages could, by itself, exceed the jurisdictional requirement for diversity jurisdiction.

21. Accordingly, Defendant has proven by a preponderance of the evidence that the amount in controversy, inclusive of actual damages, punitive damages and attorneys' fees, far exceeds $75,000.

## This Court Has Removal Jurisdiction Over this Action

22. In consideration of the foregoing, this Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1332 based upon the complete diversity between the parties.

23. Plaintiff and Defendant are not citizens of the same state. In addition, Defendant has established by the preponderance of evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

24. Further, removal is proper to the United States District Court for the Southern District of Iowa, Eastern Division, because this federal district includes Scott County, where Plaintiff originally filed the State Court Action.

25. Defendant, by and through its undersigned counsel, hereby consents to this matter being removed as required by 28 U.S.C. § 1446(b)(2)(A).

26. Defendant affirms that a true and correct copy of this Notice of Removal will be filed with the Clerk of the Iowa District Court for Scott County, promptly after the filing of this

Notice of Removal, as required by 28 U.S.C. § 1446(d). A copy of this Notice and the state court Notice will be mailed to Plaintiff's attorney of record.

**WHEREFORE,** Defendant hereby notifies this Court, Plaintiff, and the Iowa District Court for Scott County, that the above-captioned matter, now pending in the Iowa District Court for Scott County, Case No. LACE133116, is hereby removed to this Court.

Dated: September 21, 2020                                  Respectfully submitted,

                    By:    /s/ Matthew P. Pappas
Matthew P. Pappas (Bar No. AT0006076)
Pappas Wright P.C.
1617 2nd Ave Ste 300
Rock Island, IL 61201-8625
(309) 788-7110 Phone
(309) 788-2773 Facsimile
mpappas@pappaswright.com

Steve A. Miller (*pro hac vice* to be filed)
Scott C. Fanning (*pro hac vice* to be filed)
**FISHER & PHILLIPS LLP**
10 South Wacker Drive, Suite 3450
Chicago, Illinois 60606
(312) 346-8061 Phone
(312) 346-3179 Facsimile
smiller@fisherphillips.com
sfanning@fisherphillips.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

     I certify that the foregoing Notice of Removal was filed via the Court's ECF notification system on September 21, 2020, and that a true copy of the Notice of Removal was served on September 21, 2020, by Certified U.S. Mail, postage pre-paid, and email upon:

*Attorneys for Plaintiff*

John F. Doak
Katz Nowinski P.C.
1000 — 36th Ave.
Moline, IL 61265
Telephone: (309)797-3000
Facsimile: (309)797-3330
Email: jdoak@katzlawfirm.com


Dated: September 21, 2020                      Respectfully submitted,


By:   /s/ Matthew P. Pappas
       Matthew P. Pappas (Bar No. AT0006076)
       Pappas Wright P.C.
       1617 2nd Ave Ste 300
       Rock Island, IL 61201-8625
       (309) 788-7110 Phone
       (309) 788-2773 Facsimile
       mpappas@pappaswright.com


       Steve A. Miller (*pro hac vice* to be filed)
       Scott C. Fanning (*pro hac vice* to be filed)
       **FISHER & PHILLIPS LLP**
       10 South Wacker Drive, Suite 3450
       Chicago, Illinois 60606
       (312) 346-8061 Phone
       (312) 346-3179 Facsimile
       smiller@fisherphillips.com
       sfanning@fisherphillips.com

       *Attorneys for Defendant*

IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY

| | |
|---|---|
| SHEENA BUCKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: LACE133116 |
| | ) |
| THE YANKEE CANDLE COMPANY, INC., | ) ORIGINAL NOTICE |
| | ) |
| Defendant. | ) |

TO THE ABOVE NAMED DEFENDANT: **THE YANKEE CANDLE COMPANY, INC.,** c/o Registered Agent, Corporation Service Company, 505 5th Ave., Ste. 729, Des Moines, IA 50309

You are hereby notified that there is now on file in the office of the clerk of the above court, a Petition in the above-entitled action, a copy of which petition is attached hereto. The plaintiff's attorney is John F. Doak, Katz Nowinski P.C., whose address is 1000 - 36th Avenue, Moline, IL 61266-0950, telephone: 309-797-3000, fax: 309-797-2167, E-mail: jdoak@katzlawfirm.com.

You are further notified that unless, within twenty (20) days after service of this Original Notice upon you, you serve, and within a reasonable time thereafter file, a motion or answer in the Iowa District Court for Scott County, at the county courthouse in Davenport, Iowa, judgment by default will be rendered against you for the relief demanded in the Petition.

(SEAL)

_____
CLERK OF THE COURT
Scott County Courthouse
Davenport, Iowa

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 328-4145. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

**EXHIBIT A**

E-FILED  2020 AUG 24 2:42 PM SCOTT - CLERK OF DISTRICT COURT

## STATE OF IOWA JUDICIARY

Case No. LACE133116
County  Scott

Case Title  BUCKLEY, SHEENA V. THE YANKEE CANDLE COMPANY, INC.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

Scheduled Hearing:

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(563) 328-4145**  . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942.**)

Date Issued  08/24/2020 02:42:50 PM



District Clerk of Scott         County
/s/ Bonnet Jones

**EXHIBIT A**

IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY

| | | |
|---|---|---|
| SHEENA BUCKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: LACE133116 |
| | ) | |
| THE YANKEE CANDLE COMPANY, INC., | ) | PETITION AT LAW |
| | ) | |
| Defendant. | ) | |

Plaintiff, SHEENA BUCKLEY, by and through her attorneys, Katz Nowinski, P.C., for her Petition at Law against the Defendant, THE YANKEE CANDLE COMPANY, INC., states:

### DIVISION I – WRONGFUL DISCHARGE BASED ON SEXUAL ORIENTATION IN VIOLATION OF THE IOWA HUMAN RIGHTS ACT, IOWA CODE, CHAPTER 216.1, *ET SEQ.*

1. Plaintiff Sheena Buckley ("Plaintiff" or "Buckley") is and was a citizen of the State of Illinois at all times relevant to this Complaint.

2. The Yankee Candle Company, Inc. ("Defendant" or "Yankee Candle") is and was a Massachusetts corporation authorized to do business in the State of Iowa at all times relevant to this cause of action.

3. Plaintiff, at all times relevant to this cause of action, was employed as a store manager by Defendant at its Davenport, Scott County, Iowa, location, from August 31, 2014, until she was terminated on or about August 30, 2019.

4. Plaintiff timely filed her charge of discrimination with the Iowa Civil Rights Commission ("ICRC") on or about October 14, 2019, and has been issued her Administrative Release (Right to Sue) Letter by the ICRC, and has otherwise exhausted her administrative remedies. (Exhibit

1

**EXHIBIT A**

1, a true and correct copy of the "Administrative Release (Right to Sue) Letter" dated June 25, 2020, is attached hereto and made a part of this Complaint.)

5. Plaintiff worked at Yankee Candle for approximately five (5) years as store manager.

6. Plaintiff had received a favorable performance review just prior to being terminated.

7. During her employment at Yankee Candle, Plaintiff had never been written up or given a formal warning.

8. On or about August 30, 2019, Plaintiff's district manager arrived unannounced at Plaintiff's place of employment located at Northpark Mall, 320 W. Kimberly Road, Davenport, Iowa accompanied by a store manager from a different Yankee Candle location.

9. Plaintiff was told by the district manager that Plaintiff was expected to be on a telephone conference with the Yankee Candle Human Resources Department that morning.

10. Plaintiff was given no indication of what the telephone conference was about.

11. Once on the phone with the Yankee Candle Human Resources Department, Plaintiff was informed that someone had contacted the Yankee Candle Human Resources Department claiming serious allegations against Plaintiff.

12. The Yankee Candle Human Resources Department asked Plaintiff a series of questions.

13. The Yankee Candle Human Resources Department asked Plaintiff if she had ever said that she has lesbian tendencies, to which Plaintiff answered in the affirmative.

14. The Yankee Candle Human Resources Department followed up by asking if Plaintiff had ever mentioned having a family member that is a part of the LGBTQ community, to which Plaintiff again answered in the affirmative.

15. At the conclusion of the telephone conference, Buckley was told by a member of the Yankee Candle Human Resources Department that after hearing Buckley's answers, the HR employee

2
**EXHIBIT A**

had determined that Buckley's values did not align with the company's and that Buckley was to be immediately terminated.

16. Buckley was terminated that day, August 30, 2019.

17. Defendant discriminated against Plaintiff by terminating Plaintiff on the basis of her perceived sexual orientation, homosexual, bisexual, or lesbian, in violation of Iowa Code §216.6.

18. As a direct and proximate result of defendant's acts of sexual orientation discrimination, plaintiff has suffered damages, including loss of pay and benefits, mental and emotional distress, and is further entitled to recover her costs, including reasonable attorneys' fees and expert witness fees, pursuant to Iowa Code § 216.15.

19. Defendant's actions were intentional, wilful and wanton or made with such a reckless disregard for the rights of plaintiff, and directed at plaintiff such that plaintiff is entitled to and seeks an award of punitive or exemplary damages in an amount just and reasonable.

WHEREFORE, Sheena Buckley hereby requests that this Court enter judgment in her favor and against The Yankee Candle Co., Inc., for affirmative relief including back wages and benefits, loss of employment, reinstatement or front pay, compensatory damages, plus prejudgment interest and the costs of the action, and an amount equal to reasonable attorneys' fees and court costs, including expert witness fees, pursuant to Iowa Code § 216.15, and that the court grant such other and further equitable relief as the court deems necessary and appropriate, including punitive or exemplary damages.

### DIVISION II – WRONGFUL DISCHARGE BASED ON RELIGIOUS AFFILIATION IN VIOLATION OF THE IOWA HUMAN RIGHTS ACT, IOWA CODE, CHAPTER 216.1, *ET. SEQ.*

1 – 12. Plaintiff repeats and realleges paragraphs 1-12 of Division I as though fully set forth as Paragraphs 1-12 of Division II.

13. The Yankee Candle Human Resources Department asked Plaintiff if she had ever shared her religious affiliation with other staff members.

14. Plaintiff answered that other staff members may be aware of her atheist beliefs, just as Plaintiff was aware of other staff members' religious affiliations.

15. At the conclusion of the telephone conference, Buckley was told by a member of the Yankee Candle Human Resources Department that after hearing Buckley's answers, the HR employee had determined that Buckley's values did not align with the company's and that Buckley was to be immediately terminated.

16. Buckley was terminated that day, August 30, 2019.

17. Defendant discriminated against Plaintiff by terminating Plaintiff on the basis of her atheist religious beliefs or affiliation in violation of Iowa Code §216.6.

18. As a direct and proximate result of defendant's acts of religious discrimination, plaintiff has suffered damages, including loss of pay and benefits, mental and emotional distress, and is further entitled to recover her costs, including reasonable attorneys' fees and expert witness fees, pursuant to Iowa Code § 216.15.

19. Defendant's actions were intentional, wilful and wanton or made with such a reckless disregard for the rights of plaintiff, and directed at plaintiff such that plaintiff is entitled to and seeks an award of punitive or exemplary damages in an amount just and reasonable.

WHEREFORE, Sheena Buckley hereby requests that this Court enter judgment in her favor and against The Yankee Candle Co., Inc., for affirmative relief including back wages and benefits, loss of employment, reinstatement or front pay, compensatory damages, plus prejudgment interest and the costs of the action, and an amount equal to reasonable attorneys' fees and court costs, including expert witness fees, pursuant to Iowa Code § 216.15, and that the

court grant such other and further equitable relief as the court deems necessary and appropriate, including punitive or exemplary damages.

**Plaintiff demands a trial by jury on all appropriate claims.**

SHEENA BUCKLEY,
Plaintiff,

By: _____
John F. Doak/No. AT0002143
Katz Nowinski P.C.
Attorneys for Plaintiff
1000 – 36th Ave.
Moline, IL 61265
Telephone: (309)797-3000
Facsimile: (309)797-3330
Email: jdoak@katzlawfirm.com

5
**EXHIBIT A**

Administrative Release
(Letter of Right-To-Sue)

| To: | ) From: |
|---|---|
| SHEENA BUCKLEY<br>2425 15TH STREET<br>MOLINE, IL 61265 | ) <br> ) Iowa Civil Rights Commission<br>) Grimes State Office Building<br>) 400 E. 14th Street<br>) Des Moines, Iowa 50319 |
| Complaint CP# 10-19-74160    EEOC# 26A-2020-00035C | |

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code § 216.16 and 161 Iowa Administrative Code Section § 3.10. It is issued pursuant to your request.

The conditions precedent found in 161 Administrative Code § 3.10(2) have been met.

With this Right-To-Sue Letter, you have the right to commence an action in district court. That action must be commenced within ninety (90) days of the Right-To-Sue Letter issuance date, 6/25/2020. The Right-To-Sue Letter is not a finding by the ICRC on the merits of the charge. The ICRC will take no further action in this matter.

A copy of the Right-To-Sue Letter has been sent to the Respondent(s) as shown below. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. If you or your attorney would like to obtain a copy of the file, please submit your request in writing via regular mail, fax, or email to icrc@iowa.gov. The copy and processing fees are as follows:

- Photocopy of investigative files - .25¢ per page; copies of digital recordings $15.00 per electronic storage device (hard copy); actual cost of postage; search/supervisory fee $26.00 per hour
- Scanned copy of investigative files - $15.00 for first 150-page batch; $10.00 for each 150-page batch thereafter; copies of digital recordings $10.00 per electronic storage device (electronic copy); search/supervisory fee $26.00 per hour

If you opt for an electronic copy, you must provide an email address in order to receive the copy.

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840
Email: icrc@iowa.gov

cc: File
    JOHN F. DOAK, Complainant's Attorney
    ELIZABETH SIGLER AND/OR TODD STANTON, Respondent's Attorney
    THE YANKEE CANDLE COMPANY INC
    NEWELL BRANDS



**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| SHEENA BUCKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| THE YANKEE CANDLE COMPANY, INC. | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF TIMOTHY R. SIPE

I, Timothy R. Sipe, under penalty of perjury, pursuant to 28 U.S.C. § 1746, certify as follows:

1. I am the Senior Labor & Employment Counsel of The Yankee Candle Company, Inc. ("Yankee Candle") and am authorized to make this declaration on behalf of Yankee Candle.

2. In my capacity as Senior Labor & Employment Counsel, I have personal knowledge of the facts stated herein and of corporate structure of Yankee Candle.

3. If called as a witness, I could and would testify competently thereto under oath.

4. Defendant Yankee Candle is a corporation formed under the laws of the State of Massachusetts with its principal place of business in South Deerfield, Massachusetts.

5. Yankee Candle's officers are located in South Deerfield, Massachusetts. These officers direct, control, and coordinate Yankee Candle's business activities and operations.

6. At the time of the termination of Sheena Buckley's employment with Yankee Candle, her annual base salary was $44,163 in connection with her employment with Yankee

FP 38672755.1

**EXHIBIT B**

Candle.

    I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: September 21, 2020

                                                      TIMOTHY R. SIPE

**EXHIBIT B**