UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| SHEENA BUCKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:20-cv-00077-CRW-SBJ |
| | ) |
| THE YANKEE CANDLE COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

## AMENDED COMPLAINT

Plaintiff, SHEENA BUCKLEY, by and through her attorneys, Katz Nowinski, P.C., for her Amended Complaint against the Defendant, THE YANKEE CANDLE COMPANY, INC., states:

### COUNT I – WRONGFUL DISCHARGE BASED ON SEXUAL ORIENTATION IN VIOLATION OF THE IOWA HUMAN RIGHTS ACT, IOWA CODE, CHAPTER 216.1, *ET SEQ.*

1. Plaintiff Sheena Buckley ("Plaintiff" or "Buckley") is and was a citizen of the State of Illinois at all times relevant to this Complaint.

2. The Yankee Candle Company, Inc. ("Defendant" or "Yankee Candle") is and was a Massachusetts corporation authorized to do business in the State of Iowa at all times relevant to this cause of action.

3. Plaintiff, at all times relevant to this cause of action, was employed as a store manager by Defendant at its Davenport, Scott County, Iowa, location, from August 31, 2014, until she was terminated on or about August 30, 2019.

4.  Plaintiff timely filed her charge of discrimination with the Iowa Civil Rights Commission ("ICRC") on or about October 14, 2019, and has been issued her Administrative Release (Right to Sue) Letter by the ICRC, and has otherwise exhausted her administrative remedies.  (Exhibit 1, a true and correct copy of the "Administrative Release (Right to Sue) Letter" dated June 25, 2020, is attached hereto and made a part of this Complaint.)

5.  Plaintiff worked at Yankee Candle for approximately five (5) years as store manager.

6.  Plaintiff had received a favorable performance review just prior to being terminated.

7.  During her employment at Yankee Candle, Plaintiff had never been written up or given a formal warning.

8. On or about August 30, 2019, Plaintiff's district manager arrived unannounced at Plaintiff's place of employment located at Northpark Mall, 320 W. Kimberly Road, Davenport, Iowa accompanied by a store manager from a different Yankee Candle location.

9.  Plaintiff was told by the district manager that Plaintiff was expected to be on a telephone conference with the Yankee Candle Human Resources Department that morning.

10.  Plaintiff was given no indication of what the telephone conference was about.

11.  Once on the phone with the Yankee Candle Human Resources Department, Plaintiff was informed that someone had contacted the Yankee Candle Human Resources Department claiming serious allegations against Plaintiff.

12.  The Yankee Candle Human Resources Department asked Plaintiff a series of questions.

13.  The Yankee Candle Human Resources Department asked Plaintiff if she had ever said that she has lesbian tendencies, to which Plaintiff answered in the affirmative.

14. The Yankee Candle Human Resources Department followed up by asking if Plaintiff had ever mentioned having a family member that is a part of the LGBTQ community, to which Plaintiff again answered in the affirmative.

15.  At the conclusion of the telephone conference, Buckley was told by a member of the Yankee Candle Human Resources Department that after hearing Buckley's answers, the HR employee had determined that Buckley's values did not align with the company's and that Buckley was to be immediately terminated.

16.  Buckley was terminated that day, August 30, 2019.

17.  Defendant discriminated against Plaintiff by terminating Plaintiff on the basis of her perceived sexual orientation, homosexual, bisexual, or lesbian, in violation of Iowa Code §216.6.

18.   As a direct and proximate result of defendant's acts of sexual orientation discrimination, plaintiff has suffered damages, including loss of pay and benefits, mental and emotional distress, and is further entitled to recover her costs, including reasonable attorneys' fees and expert witness fees, pursuant to Iowa Code § 216.15.

19.  Defendant's actions were intentional, wilful and wanton or made with such a reckless disregard for the rights of plaintiff, and directed at plaintiff such  that plaintiff is entitled to and seeks an award of punitive or exemplary damages in an amount just and reasonable.

   WHEREFORE,  Sheena Buckley hereby requests that this Court enter judgment in her favor and against The Yankee Candle Co., Inc., for affirmative relief including back wages and benefits, loss of employment, reinstatement or front pay, compensatory damages, plus prejudgment interest and the costs of the action, and an amount equal to reasonable attorneys' fees and court costs, including expert witness fees, pursuant to Iowa Code § 216.15, and that the

court grant such other and further equitable relief as the court deems necessary and appropriate, including punitive or exemplary damages.

### COUNT II – WRONGFUL DISCHARGE BASED ON RELIGIOUS AFFILIATION IN VIOLATION OF THE IOWA HUMAN RIGHTS ACT, IOWA CODE, CHAPTER 216.1, *ET. SEQ.*

1 – 12.  Plaintiff repeats and realleges paragraphs 1-12 of Division I as though fully set forth as Paragraphs 1-12 of Division II.

13.  The Yankee Candle Human Resources Department asked Plaintiff if she had ever shared her religious affiliation with other staff members.

14.  Plaintiff answered that other staff members may be aware of her atheist beliefs, just as Plaintiff was aware of other staff members' religious affiliations.

15.  At the conclusion of the telephone conference, Buckley was told by a member of the Yankee Candle Human Resources Department that after hearing Buckley's answers, the HR employee had determined that Buckley's values did not align with the company's and that Buckley was to be immediately terminated.

16. Buckley was terminated that day, August 30, 2019.

17. Defendant discriminated against Plaintiff by terminating Plaintiff on the basis of her atheist religious beliefs or affiliation in violation of Iowa Code §216.6.

18.  As a direct and proximate result of defendant's acts of religious discrimination, plaintiff has suffered damages, including loss of pay and benefits, mental and emotional distress, and is further entitled to recover her costs, including reasonable attorneys' fees and expert witness fees, pursuant to Iowa Code § 216.15.

19. Defendant's actions were intentional, wilful and wanton or made with such a reckless disregard for the rights of plaintiff, and directed at plaintiff such that plaintiff is entitled to and seeks an award of punitive or exemplary damages in an amount just and reasonable.

WHEREFORE, Sheena Buckley hereby requests that this Court enter judgment in her favor and against The Yankee Candle Co., Inc., for affirmative relief including back wages and benefits, loss of employment, reinstatement or front pay, compensatory damages, plus prejudgment interest and the costs of the action, and an amount equal to reasonable attorneys' fees and court costs, including expert witness fees, pursuant to Iowa Code § 216.15, and that the court grant such other and further equitable relief as the court deems necessary and appropriate, including punitive or exemplary damages.

## COUNT III – WRONGFUL DISCHARGE BASED ON SEXUAL ORIENTATION IN VIOLATION OF 42 U.S.C. § 2000e, *ET SEQ*.

1. Plaintiff Sheena Buckley ("Plaintiff" or "Buckley") is and was a citizen of the State of Illinois at all times relevant to this Complaint.

2. The Yankee Candle Company, Inc. ("Defendant" or "Yankee Candle") is and was a Massachusetts corporation authorized to do business in the State of Iowa at all times relevant to this cause of action.

3. Plaintiff, at all times relevant to this cause of action, was employed as a store manager by Defendant at its Davenport, Scott County, Iowa, location, from August 31, 2014, until she was terminated on or about August 30, 2019.

4. Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 14, 2019, and has been issued her Notice of Right to Sue Letter by the EEOC, and has otherwise exhausted her administrative remedies. (Exhibit 2, a

true and correct copy of the "Notice of Right to Sue" Letter dated October 14, 2020, is attached hereto and made a part of this Complaint.)

5. Plaintiff worked at Yankee Candle for approximately five (5) years as store manager.

6. Plaintiff had received a favorable performance review just prior to being terminated.

7. During her employment at Yankee Candle, Plaintiff had never been written up or given a formal warning.

8. On or about August 30, 2019, Plaintiff's district manager arrived unannounced at Plaintiff's place of employment located at Northpark Mall, 320 W. Kimberly Road, Davenport, Iowa accompanied by a store manager from a different Yankee Candle location.

9. Plaintiff was told by the district manager that Plaintiff was expected to be on a telephone conference with the Yankee Candle Human Resources Department that morning.

10. Plaintiff was given no indication of what the telephone conference was about.

11. Once on the phone with the Yankee Candle Human Resources Department, Plaintiff was informed that someone had contacted the Yankee Candle Human Resources Department claiming serious allegations against Plaintiff.

12. The Yankee Candle Human Resources Department asked Plaintiff a series of questions.

13. The Yankee Candle Human Resources Department asked Plaintiff if she had ever said that she has lesbian tendencies, to which Plaintiff answered in the affirmative.

14. The Yankee Candle Human Resources Department followed up by asking if Plaintiff had ever mentioned having a family member that is a part of the LGBTQ community, to which Plaintiff again answered in the affirmative.

15. At the conclusion of the telephone conference, Buckley was told by a member of the Yankee Candle Human Resources Department that after hearing Buckley's answers, the HR employee

had determined that Buckley's values did not align with the company's and that Buckley was to be immediately terminated.

16. Buckley was terminated that day, August 30, 2019.

17. Defendant discriminated against Plaintiff by terminating Plaintiff on the basis of her perceived sexual orientation, homosexual, bisexual, or lesbian, in violation of 42 U.S.C. § 2000e-2(a)(1).

18. As a direct and proximate result of defendant's acts of sexual orientation discrimination, plaintiff has suffered damages, including loss of pay and benefits, mental and emotional distress, and is further entitled to recover her costs, including reasonable attorneys' fees and expert witness fees, pursuant to 42 U.S.C. § 2000e-5, all to her damage in an amount in excess of $75,000.00.

19. Defendant's actions were intentional, wilful and wanton or made with such a reckless disregard for the rights of plaintiff, and directed at plaintiff such that plaintiff is entitled to and seeks an award of punitive or exemplary damages pursuant to 42 U.S.C. § 1981a, in an amount just and reasonable.

    WHEREFORE, Sheena Buckley hereby requests that this Court enter judgment in her favor and against The Yankee Candle Co., Inc., for affirmative relief including back wages and benefits, loss of employment, reinstatement or front pay, compensatory damages, plus prejudgment interest and the costs of the action, and an amount equal to reasonable attorneys' fees and court costs, including expert witness fees, pursuant to 42 U.S.C. § 2000e-5, and that the court grant such other and further equitable relief as the court deems necessary and appropriate, including punitive or exemplary damages.

### COUNT IV – WRONGFUL DISCHARGE BASED ON RELIGIOUS AFFILIATION IN VIOLATION OF 42 U.S.C. § 2000e, *ET SEQ.*

1 – 12.  Plaintiff repeats and realleges paragraphs 1-12 of Division III as though fully set forth as Paragraphs 1-12 of Division IV.

13.  The Yankee Candle Human Resources Department asked Plaintiff if she had ever shared her religious affiliation with other staff members.

14.  Plaintiff answered that other staff members may be aware of her atheist beliefs, just as Plaintiff was aware of other staff members' religious affiliations.

15.  At the conclusion of the telephone conference, Buckley was told by a member of the Yankee Candle Human Resources Department that after hearing Buckley's answers, the HR employee had determined that Buckley's values did not align with the company's and that Buckley was to be immediately terminated.

16. Buckley was terminated that day, August 30, 2019.

17. Defendant discriminated against Plaintiff by terminating Plaintiff on the basis of her atheist religious beliefs or affiliation in violation of 42 U.S.C. § 2000e-2(a)(1).

18.  As a direct and proximate result of defendant's acts of religious discrimination, plaintiff has suffered damages, including loss of pay and benefits, mental and emotional distress, and is further entitled to recover her costs, including reasonable attorneys' fees and expert witness fees, pursuant to 42 U.S.C. § 2000e-5, all to her damage in an amount in excess of $75,000.00.

19. Defendant's actions were intentional, wilful and wanton or made with such a reckless disregard for the rights of plaintiff, and directed at plaintiff such that plaintiff is entitled to and seeks an award of punitive or exemplary damages pursuant to 42 U.S.C. § 1981a, in an amount just and reasonable.

    WHEREFORE,  Sheena Buckley hereby requests that this Court enter judgment in her favor and against The Yankee Candle Co., Inc., for affirmative relief including back wages and

benefits, loss of employment, reinstatement or front pay, compensatory damages, plus prejudgment interest and the costs of the action, and an amount equal to reasonable attorneys' fees and court costs, including expert witness fees, pursuant to 42 U.S.C. § 2000e-5, and that the court grant such other and further equitable relief as the court deems necessary and appropriate, including punitive or exemplary damages.

**Plaintiff demands a trial by jury on all appropriate claims.**

                                      SHEENA BUCKLEY,
                                      Plaintiff,

                                      By: /s/ John F. Doak
                                      John F. Doak, No. AT0002143
                                      Katz Nowinski P.C.
                                      Attorneys for Plaintiff
                                      1000 – 36th Ave.
                                      Moline, IL 61265
                                      Telephone: (309)797-3000
                                      Facsimile: (309)797-3330
                                      Email: jdoak@katzlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 2, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Matthew P. Pappas mpappas@pappaswright.com
      Steve A. Miller smiller@fisherphillips.com
      Scott C. Fanning sfanning@fisherphillips.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

      N/A

                                        /s/ John F. Doak
                                        KATZ NOWINSKI P.C.
                                        Attorneys for Plaintiff

        1000 - 36th Avenue  
        Moline, IL 61265-7126  
        Telephone:  309/797-3000  
        Fax:  309/797-2167  
        E-mail: jdoak@katzlawfirm.com